UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6:19-cr-83-CHB |
| | ) | |
| v. | ) | |
| | ) | **ORDER ADOPTING MAGISTRATE** |
| TYLER ROSE, | ) | **JUDGE'S RECOMMENDED** |
| | ) | **DISPOSITION** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram, [R. 61]. The Recommended Disposition addresses Defendant Tyler Rose's Motion to Suppress, [R. 56], in which Defendant seeks suppression of evidence found in his vehicle. The United States responded in opposition, [R. 58], and Defendant did not reply. The Magistrate Judge conducted a teleconference on February, 4, 2021, at which time the parties agreed that no hearing as necessary at that time, and the matter was submitted on the briefs. [R. 60] The Magistrate Judge has now issued a Recommended Disposition, recommending that the Motion to Suppress be denied. For the reasons set forth below, the Court will adopt the Magistrate Judge's Recommended Disposition and deny the motion to dismiss.

On November 26, 2019, the Federal Bureau of Investigations ("FBI") conducted a controlled meeting between Defendant and a confidential informant ("CI") at a McDonald's parking lot in Somerset, Kentucky. [R. 61, p. 1] During the arranged meeting, Defendant provided approximately eight grams of methamphetamine to the CI and instructed the CI to deliver the drugs to a buyer at a local hotel. *Id.* at 2. After this meeting but before Defendant left the McDonald's parking lot, officers approached Defendant and detained him on suspicion of

trafficking narcotics. *Id.* Defendant denied the officers' request for consent to search his vehicle. *Id.* A K-9 unit, already on site, was the deployed around the vehicle. *Id.* It alerted to the presence of narcotics, and the officers conducted a search of the vehicle. *Id.* The search revealed approximately four ounces of methamphetamine, paraphernalia (e.g., syringes and spoons), and two handguns. *Id.* These facts are not disputed. *Id.* at 1. The Magistrate Judge identified the only potential factual issue as the certification status of the K-9 officer and his dog. *Id.* at 3.

Following the issuance of a criminal complaint, [R. 1], Defendant was indicted for one count of knowingly and intentionally possessing with the intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine; one count of knowingly possessing a firearm in furtherance of a drug trafficking offense; and one count of knowingly possessing a firearm despite knowing that he had been previously convicted of a crime punishable by a term of imprisonment exceeding one year, and said firearms being in and affecting interstate commerce. [R. 7]

In the present Motion to Suppress, Defendant argues that the officers lacked probable cause to search his vehicle because the drug sniff conducted by the drug-sniffing canine, Giro, and his handler, Sergeant Smith, "had not met the standards of reliability." [R. 56, p. 2] More specifically, he argues that Giro obtained previous certifications in a different jurisdiction with a different handler, and Sergeant Smith did not complete the appropriate certification until three weeks after Defendant's arrest. *Id.* In response, the United States argues that the officers had an independent basis for searching the vehicle, namely, the controlled meeting with the CI, which provide probable cause to believe that the vehicle contained contraband or evidence of criminal activity. [R. 58, 3] As a result, the United States argues, the Court need not consider the legality

of the dog sniff. *Id.* Defendant did not reply to this response, and the matter was submitted on the briefs by agreement of the parties. [R. 60]

Law enforcement officers may conduct a warrantless search of a vehicle if they have "probable cause to believe that the vehicle contains evidence of a crime." *United States v. Lumpkin*, 159 F.3d 983, 986 (6th Cir. 1998) (citations omitted). "Probable cause exists when there is a 'fair probability that contraband or evidence of a crime will be found in a particular place.'" *Id.* (quoting *Smith v. Thornburg*, 136 F.3d 1070, 1074 (6th Cir. 1998)) (internal quotation marks omitted). In other words, if the facts available to the officers "would 'warrant a [person] of reasonable caution in the belief'" that contraband or evidence of a crime will be found in the vehicle. *Florida v. Harris*, 568 U.S. 237, 243 (2013) (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983)).

This probable cause standard requires "'less than prima facie proof but more than mere suspicion.'" *Smith*, 136 F.3d at 1074 (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)). The Supreme Court has "rejected rigid rules, bright-line tests, and mechanistic inquiries in favor of a more flexible, all-things-considered approach." *Harris*, 568 U.S. at 243 (citations omitted). Accordingly, courts should consider the totality of the circumstances, *id.* (citations omitted), and all that is required "is the kind of 'fair probability' on which 'reasonable and prudent [people,] not legal technicians, act,'" *id.* at 243–44 (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). The Supreme Court has described this as a "practical and common-sensical standard." *Id.* at 243 (citations omitted).

Applying this standard, the Supreme Court has determined that "[p]robable cause may come from a confidential informant's tip, when sufficiently detailed and corroborated by the independent investigation of law enforcement officers." *Lumpkin*, 159 F.3d at 986 (citing

*Chambers v. Maroney*, 399 U.S. 42, 44, 52 (1970); *United States v. Padro*, 52 F.3d 120, 123–24 (6th Cir. 1995); *United States v. Brown*, 49 F.3d 1346, 1350 (8th Cir.1995)). Additionally, the Court notes that, in considering whether probable cause exists, it does not look to events that occurred after the search or to the subjective intent of the officers; rather, the Court looks at the "objective facts known to the officers at the time of the search." *Smith*, 136 F.3d at 1075 (citation omitted).

In the present case, the Magistrate Judge considered this law, applied it to the undisputed facts of this case, and concluded that "probable cause is evident." [R. 61, p. 4] As the Magistrate Judge explained, law enforcement agents observed Defendant engage in a controlled meeting with the CI. *Id.* During that controlled meeting, Defendant met the CI at the CI's vehicle, provided the CI with several grams of methamphetamine, and instructed the CI to deliver the drugs to a buyer at a local hotel. *Id.* Defendant then returned to his vehicle, and the CI informed the officers of his conversation with Defendant. *Id.* Thus, prior to the K-9 unit's involvement, the officers witnessed Defendant provide methamphetamine to the CI, instruct the CI to deliver the drugs to a buy, and then return to the car. *Id.* Having reviewed these facts, the Magistrate Judge concluded that, "under the common-sense totality-of-the-circumstances standard," the controlled meeting, which took place under law enforcement officer's surveillance, was sufficient to establish probable cause to search Defendant's vehicle. *Id.* at 5. Accordingly, the K-9 unit's alert was not necessary to establish probable cause, and the certification of the canine and his handler is irrelevant. *Id.* The Magistrate Judge therefore recommended the denial of Defendant's Motion to Suppress. *Id.*

The Magistrate Judge's Recommended Disposition advised the parties that any objections must be filed with fourteen days. *Id.* The time to file objections has passed, and neither party has filed any objections to the Recommended Disposition nor sought an extension of time to do so.

Generally, this Court must make a de novo determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." See *Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Recommended Disposition. Accordingly, the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [**R. 61**] is **ADOPTED** as the opinion of this Court;

2. Defendant's Motion to Suppress, [**R. 56**], is **DENIED**.

This the 5th day of March, 2021.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY